IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.                                                                  Case No.: 3:99cr29/LAC

JEAN CLAUDE JONASSAINT,
_____/

**<u>ORDER</u>**

This matter is before the Court on Defendant Jean Claude Jonassaint's motion for a reduction in sentence under the First Step Act of 2018 (FSA) (Docs. 308). The Government has filed a response in opposition (Docs. 310). Having fully considered the applicable law and the parties' arguments, the Court rules as follows.

I.   BACKGROUND

On December 17, 1999, Defendant pleaded guilty to conspiracy to possess with intent to distribute cocaine and cocaine base under 21 U.S.C. §§ 84l(a)(l) and (b)(l)(A)(ii) and (iii). After the filing of a notice of enhancement which identified two prior predicate convictions, Defendant faced a minimum statutory penalty of 20 years to life imprisonment and a minimum of 10 years of supervised release. On March 28,

2000, the Court sentenced Defendant to 328 months imprisonment, followed by a 10 year term of supervised release.

At sentencing, Defendant was held responsible for 163.36 kilograms of cocaine base. Though Defendant professed to being involved in the criminal conspiracy only as it concerned cocaine powder transactions, he was held accountable only for the aforementioned weight of cocaine base at sentencing. According to the Bureau of Prisons, Defendant's current projected release date is February 7, 2023.

## II. DISCUSSION

With the passage of the Fair Sentencing Act (FSA of 2010) in 2010, the statutory penalties for offenses involving cocaine base, or crack cocaine, were lowered – by raising the required drug weights necessary for imposing enhanced penalties on offenders. FSA of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372. The statute aimed to reduce the disparity between the quantities of crack cocaine and those of cocaine powder that were required to trigger the statutory penalties prescribed by 21 U.S.C. §§ 841(b)(1) and 960(b). *Id.* § 2. Section 2 of the FSA of 2010 changed the quantity of crack cocaine necessary to trigger a 5-year mandatory minimum, under 21 U.S.C. § 841(b)(1)(B)(iii), from 5 grams to 28 grams and the amount necessary to

trigger a 10-year mandatory minimum, under 21 U.S.C. § 841(b)(1)(A)(iii), from 50 grams to 280 grams. *Id.* While the FSA of 2010 was not retroactive, the First Step Act changed that, stating that the FSA of 2010 could, in the court's discretion, be retroactively applied to defendants who committed their offenses before August 3, 2010. First Step Act, Pub. L. No. 115-391, § 404. In such a situation, the court is authorized to impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b); *see also United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020).

The FSA plainly provides that a covered drug offense under the statute is one in which "the statutory penalties . . . were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a); *see also Jones*, 962 F.3d at 1298. Thus, the court's initial determination is simply whether the defendant was sentenced pursuant to the higher penalty provisions of 21 U.S.C. §§ 841(b)(1)(A)(iii) or (B)(iii). *Jones*, 962 F.3d at 1298. Beyond that, the court may consider the actual quantity of crack cocaine that was involved in the offense when determining whether it should exercise its discretion to reduce the defendant's sentence under the FSA. *Id.* at 1301, 1304. Also informing that discretion are the revised statutory ranges under the FSA, the Sentencing Guidelines, and the sentencing factors set out in 18 U.S.C. § 3553(a). *Id.*; *see also United States v.*

*Beamus*, 943 F.3d 789, 792 (6th Cir. 2019); *United States v. Boulding*, 379 F. Supp. 2d 646, 654 (W.D. Mich. 2019).

Since Defendant was sentenced under § 841(b)(1)(A)(iii), a sentencing provision affected by the FSA, his offense is a covered offense, rendering him eligible for consideration for a sentence reduction.  Though the FSA would have the court now consider Defendant's sentence in light of the increase in the statutory threshold from 50 grams to 280 grams, the Court notes that the new threshold is still vastly exceeded by the amount of cocaine base, 163.36 kilograms, that was attributed to Defendant at sentencing.

The Court notes that, while Defendant's offense included cocaine powder, his sentencing under the guidelines was gauged only in terms of crack cocaine.  Moreover, when charges are aggregated for purposes of the sentencing guidelines in order to impose a unified sentence, courts have found that a defendant's eligibility for a sentence reduction under the FSA allows the court to reduce the defendant's sentence as it pertains to other charges as well.  *See United States v. Mazzini*, No. 95-CR-000538-MV, 2020 WL 2467900, at *6 (D.N.M. May 13, 2020); *United States v. Luna*, No. 3:05-CR-58 (SRU), 2020 WL 464778, at *6-8 (D. Conn. Jan. 29, 2020); *United States v. Clarke*, No. 4:92CR4013-WS/CAS, 2019 WL 7499892, at *1–2 (N.D. Fla. Oct. 24,

2019); *see also United States v. Fowler*, 749 F.3d 1010, 1016 (11th Cir. 2014). Thus, it is entirely fair to consider, as in the instant case, that the quantum of penalty imposed with regard to Defendant's crack cocaine charge would also influence the quantum of penalty that might have been imposed as to his powder cocaine charge, and therefore a subsequent reduction in the penalty for the FSA charge should similarly affect the other, associated charge. This is particularly so where, as here, the defendant's sentence was specifically determined with reference to the quantity of crack. Furthermore, it is noted that the statutory minimum that would apply to Defendant's cocaine powder charge – the same 20 year minimum as his crack cocaine charge – has already been served.

The Court further notes that in its discretion it may depart downward from the sentencing guidelines when considering a sentence reduction under the FSA. *See United States v. Bell*, --- Fed.Appx. ----, 2020 WL 4192069, at *3 (11th Cir. July 21, 2020) (citing *Jones*, 962 F.3d at 1304-05; *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020).

While the Court duly notes that Defendant was involved in immense quantities of cocaine base, in recognition of the fact that there is proportionately less of an excess in drug weight attributable to Defendant when compared with the increased threshold

amounts imposed by the FSA, the court finds that some reduction in his sentence should be provided. Also driving the court's discretion in this regard is the fact that Defendant's prison disciplinary record contains only a few minor disciplinary infractions over the course of over 20 years of imprisonment, as well as the fact that Defendant has maintained steady employment and has worked toward gaining a GED in prison.

Accordingly, it is **ORDERED:**

1. Defendant's motion for a reduction in sentence under the First Step Act of 2018 (Doc. 308) is **GRANTED** to the extent provided herein and is **DENIED** in all other respects.

2. Defendant's term of imprisonment is hereby **REDUCED** to 302 months.

**ORDERED** on this 26th day of August, 2020.

s/ *L.A. Collier*
Lacey A. Collier
Senior United States District Judge